**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4672**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARK KEVIN MAYES,

Defendant - Appellant.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 04-6861)

Submitted: April 10, 2006          Decided: May 31, 2006

Before WILKINSON, LUTTIG,[*] and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Terry N. Grimes, Roanoke, Virginia, for Appellant.  John L. Brownlee, United States Attorney, Anthony P. Giorno, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

[*]Judge Luttig was a member of the original panel but did not participate in this decision.  This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

PER CURIAM:

Mark Kevin Mayes was convicted by a jury of possession of a firearm by a convicted felon, possession with intent to distribute five or more grams of methamphetamine, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 922(g)(1), 924(c)(1); 21 U.S.C. § 841 (2000). Although Mayes denied at trial that the methamphetamine and revolver found in a vehicle stop were his, he stipulated that the quantity of the methamphetamine seized was thirty-three grams, containing 7.6 grams of pure methamphetamine. At sentencing, the district court sustained Mayes's objection to being held responsible for more than the drug quantity found in the search but overruled his objection to an enhancement for obstruction of justice based on his perjury during trial. Thus, Mayes's total offense level was twenty-eight. With his criminal history category of VI, the guideline range for counts one and two was 140 to 175 months. The court imposed concurrent sentences of 160 months for counts one and two and a consecutive sixty-month term for count three.

We affirmed Mayes's convictions and sentence. See United States v. Mayes, 103 F. App'x 495 (4th Cir. 2004) (unpublished). The Supreme Court thereafter granted Mayes's petition for certiorari, vacated this court's judgment, and remanded to this court for further consideration in light of United States v.

- 2 -

Booker, 543 U.S. 220 (2005).  Having reconsidered Mayes's sentence in light of Booker, we affirm.

On remand, Mayes asserts his sentence violated his Sixth Amendment right to a trial by jury in light of Booker because the sentence was enhanced by the district court based on Mayes's responsibility for 7.6 grams of pure methamphetamine and based on his false testimony at trial.  Moreover, he reasserts his arguments that his testimony did not rise to the level necessary to constitute obstruction of justice and that the district court did not specifically make the necessary findings to support the enhancement.

Because Mayes did not raise a Booker claim in the district court, we review his sentence for plain error.  See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).  To demonstrate plain error, a defendant must establish that error occurred, that it was plain, and that it affected his substantial rights.  United States v. Olano, 507 U.S. 725, 731-32 (1993).  If a defendant establishes these requirements, the court's discretion to correct the error "is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  Hughes, 401 F.3d at 555 (internal quotations and citation omitted).

In Booker, the Supreme Court held that the mandatory guidelines scheme, which provided for sentence enhancements based on facts found by the court alone and not by the jury, "violated the Sixth Amendment imperative that '[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by . . . a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.'" Hughes, 401 F.3d at 546 (internal quotations and citation omitted).

Mayes's sentence based on his responsibility for 7.6 grams of pure methamphetamine was supported both by his admission to that quantity and the jury's verdict that he possessed the methamphetamine with intent to distribute. Moreover, although Mayes denied at trial that the methamphetamine and revolver were his, the jury obviously did not believe him and necessarily concluded he gave false testimony. Mayes does not dispute that his testimony, relating to essential elements of the charges against him, concerned a material matter. Instead, he suggests he "did little more than testify at trial that he was drunk on the night in question and did not remember what happened." This assertion is belied by the record. Mayes explicitly denied that he had possessed the methamphetamine and revolver, but the jury found that he had knowingly done so. Thus, we conclude that the district court's application of the obstruction enhancement in this case was

not <u>Booker</u> error, because the jury "necessarily, albeit implicitly, found that he had engaged in behavior that fits within § 3C1.1." <u>See</u> <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1298-99 n.5 (11th Cir.), <u>cert. denied</u>, 125 S. Ct. 2935 (2005).

Even if the district court's enhancement constituted <u>Booker</u> error, we would decline to notice the error because there can be no question that the jury, having found that the offenses were committed, would also have determined that Mayes willfully and falsely testified about a material matter. <u>See</u> <u>United States v. Smith</u>, 441 F.3d 254, 272-73 (4th Cir. 2006); <u>see also</u> <u>Johnson v. United States</u>, 520 U.S. 461 (1997) (plain error in failing to submit question of materiality to jury did not seriously affect the fairness, integrity, or public reputation of judicial proceedings).

Based on the foregoing and the reasons stated in our prior opinion, we affirm Mayes's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 5 -